## UNITED STATES v. MORRISDALE COAL CO.

### No. 337.

District Court, E. D. Pennsylvania.

Sept. 21, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Donald J. Marran, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U.S. Atty., and Thomas J. Curtin, Asst. U.S. Atty., both of Philadelphia, Pa., for plaintiff.

Rawle & Henderson, of Philadelphia, Pa., and Harry Boulton, of Clearfield, Pa., for defendant.

KIRKPATRICK, District Judge.

The condition of the bond upon which this action was brought is somewhat unusual. It is, "* * * if the principal shall * * * duly pay any part of such tax found by the Commissioner to be due, with interest * * *, and shall otherwise well and truly perform and observe all the provisions of law and the regulations, then the obligation is to be void * * *."

If "found by the Commissioner to be due" applies to "such tax" then the principal could by paying one dollar ("any part") of it, discharge the whole obligation of the surety. This meaning is, of course, absurd.

If "found by the Commissioner to be due" applies to "any part", then there is a reasonable basis upon which we may proceed to interpret the condition and to decide between the conflicting views of the parties.

There may be some ground for the Government's contention that the condition is an "outright" one to cover all money which might be left owing in any and all conditions, if the condition be read literally and in vacuo. However, when the recitals are read as they may be, and should be, to interpret and limit the condition (Nazareth Foundry & Machine Co. v. Marshall Machinery & Supply Co., 258 Pa. 558, 102 A. 268; Noble v. Cope's Adm'rs, 50 Pa. 17; Young v. American Bonding Co., 228 Pa. 373, 77 A. 623), and the facts as stipu-

lated and as found be taken into account, it appears that the demand, to secure the payment of which the bond was given, was composed of two distinct parts—1917 taxes and 1918 taxes. "Such tax", therefore, is an aggregate tax consisting of taxes for two separate years. It would have been clearer, and correct enough in common parlance though perhaps not quite technically accurate, if the condition had read "such taxes". At any rate, when we know that there were two taxes claimed, which made up a total liability, and that a bond was given with the condition that it was to be discharged on payment of a part of the liability, it is plain enough that payment of either of the two parts was intended to have some effect upon the surety's obligation. Since it was obviously not intended to discharge it entirely, the only effect such partial performance could have been meant to have had was a partial discharge of the obligation to the extent of the tax paid. Hence, when the 1917 tax was paid, the surety's liability as to it ended, and the liability was reduced pro tanto, so that it cannot be kept alive to cover interest on the 1918 tax.

It follows that the form of judgment submitted by the defendant is in accordance with the provisions of the bond and will be entered by the Court.